**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul N. Papas, II,<br><br>    Plaintiff,<br><br>vs.<br><br>Israel Cabrera Martinez; Guy Lessard; Adalee Cabrara Rodriguez; Simone Mencaglia,<br><br>    Defendants. | No. CV 11-02303-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendants' "Motion to Dismiss, or, in the Alternative, Transfer Venue" (Doc. 7, as supplemented by Doc. 17). For the reasons stated below, the motion will be granted and the complaint will be dismissed without prejudice as unripe.

**I.     BACKGROUND**

Plaintiff Papas is an Arizona resident. Defendants Israel Martinez and Adalee Rodriguez are Texas residents. Defendant Guy Lessard is a Canadian resident. Defendant Simone Mencaglia is an Italian resident. During all relevant times, all parties interacted by communicating from their jurisdictions of residence.

Papas alleges that on November 14, 2011, he and Defendant Israel Martinez executed a memorandum of understanding (MOU) that made Papas a "consultant" for purposes of a rare Mexican historical bond in Martinez's personal possession, Banque du Mexique serial number 94972. Papas's "consultant" role was essentially that of a broker. The MOU gave Papas "exclusivity of presenting [the bond] to a potential Buyer, until November 18, 2011, 5:00 PM Texas Time." (Doc. 1 at 10.) The MOU required Papas to

"identify and originate contact between [Martinez] and [a] Buyer for above referenced Bond . . . on or before November 18, 2011." (*Id*. at 9.) "Upon a successful understanding between [Martinez] and Buyer," the MOU provided that Papas would receive a certain percentage of the purchase price. (*Id*.)

Later on the same day that Papas and Martinez executed the MOU, Papas sent a package of information about Martinez's bond to a prospective buyer. The buyer — who remains unnamed and will be referred to here as the "first buyer" — responded that he and Martinez were already negotiating the purchase of the bond. Through exchange of e-mails with Martinez, Papas learned that Martinez had been negotiating with the first buyer for the sale of a Banque du Mexique historical bond with serial number 94974, not 94972. Papas claims that the first buyer also contacted Martinez and Lessard to inform them about Papas's solicitation of the 94972 bond.

In light of the circumstances, Papas decided to find a second potential buyer for the 94972 bond. On November 17, 2011, Papas e-mailed Martinez to say that the second buyer — who also remains unnamed — would soon call Martinez. Throughout that day and the next, Papas and Martinez exchanged e-mails in which Papas claimed that the second buyer had called Martinez "as [Martinez's] phone records will verify" (*id*. at 14) and Martinez maintained that he had received no contact from the second buyer.

Papas's exclusivity expired on November 18, 2011, and Martinez communicated to Papas that he had failed in his obligations under the MOU and their dealings were done. Papas alleges that Martinez continues to negotiate with at least one of the two buyers regarding the 94972 bond, but with no intention of ever paying Papas.

## II. ANALYSIS

Defendants request that this Court transfer the lawsuit to the Southern District of Texas, given that two of the defendants (Martinez and Rodriguez) live there and the bonds themselves are located there. Defendants have alternatively requested dismissal for failure to state a claim, and for failure to satisfy the diversity jurisdiction amount in controversy.

Representations made at oral argument regarding the value of the bond satisfy the Court that Papas's commission, if he is entitled to one, would exceed $75,000. Accordingly, this suit will not be dismissed for lack of diversity jurisdiction.

If this lawsuit were to proceed further, the Court would grant Defendants' transfer request under 28 U.S.C. § 1404(a) because a plurality of defendants are in Texas and the bonds are there. However, the more responsible course of action is simply to dismiss this lawsuit as premature. Papas's complaint does not allege that the bonds have been sold, and counsel for Defendants represented at oral argument that the bonds in fact have not been sold. Papas's compensation depends on sale of the bonds to buyers that he allegedly introduced. Unless and until that happens, no ripe controversy exists. If such a sale happens (or if Papas has a plausible basis to believe that such a sale has happened), then Papas may file a new complaint claiming as much in Texas.

It is apparent that like of ripeness cannot be cured by amended pleadings. Further, this is not an appropriate case for declaratory judgment, had Papas asked for it. There is no dispute that Papas would be entitled to a commission if (a) he really did introduce certain buyers by November 18, 2011 and (b) one of those buyers eventually purchases the 94972 bond from Martinez. Regardless of the dispute over the first condition, the second condition has not happened and may never happen. If it does happen, and Martinez does not pay, Papas has an action for damages in Texas, not declaratory judgment.

IT IS THEREFORE ORDERED that Defendants' "Motion to Dismiss, or, in the Alternative, Transfer Venue" (Doc. 7, as supplemented by Doc. 17) is GRANTED. The Clerk shall enter judgment dismissing this case without prejudice for failing to state a ripe controversy, and terminate this action.

Dated this 11th day of January, 2012.

*Neil V. Wake*
Neil V. Wake
United States District Judge